GEORGE B. MARTIN, APPELLANT, *v.* PETER A. PERQUA, RESPONDENT.

*Bills and notes — what constitutes a waiver of notice of protest by an indorser.*

In an action brought by George B. Martin, the holder of a promissory note made by John F. Conkey, against an accommodation indorser, it appeared that Martin had had the note discounted at a bank, and had paid it at maturity; that no demand of payment was made, nor was notice of protest given to the indorser.

In order to show a waiver of demand and protest Martin produced a letter to himself from the indorser, in which he said he wanted no cost made on the notes ; that he could pay them, and that he would secure Martin. Martin testified that in paying the note he relied on this letter as constituting a waiver of demand and protest.

It appeared that the word "notes" was used in the letter, because Martin then held another note made by Conkey, indorsed by the defendant, which had been protested.

*Held*, that the language of the letter might apply to either note, and did not constitute a waiver of protest on the note in suit.

At a later date the indorser wrote to Martin asking whether Conkey paid the note in suit, according to a promise to do so made by Conkey, to the indorser.

*Held*, that this letter did not revive the indorser's liability upon the note.

APPEAL by the plaintiff George B. Martin from a judgment of the Saratoga County Court, entered in the office of the clerk of said county on the 23d day of September, 1891, reversing a judgment for the plaintiff for $109.75 and costs, rendered in a court of a justice of the peace.

This action was commenced in Justice's Court to recover against the defendant as indorser of a promissory note.

Upon the trial of the action in the Justice's Court, Martin, the plaintiff, testified that he, relying on a letter of October twenty-ninth, written to him by Perqua, as constituting a waiver of demand of payment and notice of protest, and paid the note in suit to save the indorser Perqua the costs of protest.

*Ira D. Roods* and *J. W. Hill*, for the appellant.

*Charles H. Sturges*, for the respondent.

MAYHAM, P. J.:

The complaint was in the ordinary form of a complaint by the holder against an indorser, alleging the demand and refusal at the place where the note was payable and notice of protest to the defendant.

The answer contained a general denial, and, among other separate defenses, alleged that the note was never presented for payment at the place designated as the place of payment, and no demand was made and no notice of protest ever given to the defendant.

On the trial no demand or notice of protest was proved, and the defendant asked the court to nonsuit the plaintiff for that reason, and that motion was denied by the justice, who thereupon rendered judgment for the plaintiff for the amount of the note and costs  It is not denied by the respondent that to charge an indorser of a promissory note demand of payment, and notice to the indorser of non-payment, are necessary prerequisites to recovery against him, unless notice of protest is waived.

But it is insisted by the respondent that notice of protest was waived in this case.  The chief ground of that contention is a claim in a letter written by the defendant to the plaintiff in which he uses this language: " No, George, I want no cost made on notes, I can in time pay them, and will, rather than ask Isaac to sign with me I will give you a claim on my interest in my father's estate or will do anything to make you safe and satisfied."  This letter was written on the twenty-ninth day of October, the day before the note in question became due.  At this time another note held by plaintiff, and on which the defendant was also an indorser, was about a month past due, to which the above language would apply with even more force than to the note in question, and it appears from other correspondence that the note which matured on the thirtieth day of October was paid, or that he relied upon the maker's promise that he would pay it.  On the tenth of November, after the letter of October twenty-ninth, he writes the plaintiff as follows: " Did Conkey (the maker) pay the note which fell due on October thirtieth?  He wrote me that he would meet it."

In the absence of any express waiver of notice of protest, we do not think that one can be implied from this correspondence.  The defendant being an accommodation indorser, and not the principal debtor, there are no equities between him and the holder which

requires the court to relax the rule which exists between the holder and indorser as to the notice of protest.

The plaintiff, who had procured the note to be discounted at the bank, voluntarily paid the same and withdrew it from the bank without suffering it to go to protest, and he expressly testifies that he did not present the note to any one, and demanded payment. On the day the note fell due, before three o'clock, the hour for closing the bank, he presented his own check and took the note out of the bank; and no demand of payment of the maker, or notice of non-payment to the defendant, who was the first indorser, was given.

By that omission the indorser was discharged, unless he had waived notice of protest, which, as we have seen, he had not. Nor do we think his letter of November tenth revived his liability on this note. We think the judgment of the County Court, reversing that of the justice of the peace, is right and should be affirmed.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.